NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 11a0710n.06

No. 10-3393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 12, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LONG CHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM A FINAL ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

Before: MARTIN, MOORE, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR. Long Chen, a citizen of China, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Chen was born in China in 1982. He entered the United States in 2006 without inspection and was subsequently placed in removal proceedings. He applied for the above relief on the basis of his Christian religion, arguing that he feared persecution if he were returned to China.

At a hearing held before the IJ, Chen testified that his father was sought by the authorities because of his Christian proselytizing, causing him to go into hiding. The authorities threatened to arrest Chen if he did not reveal his father's whereabouts. Chen therefore left his family home to live with an aunt about two hours away. He lived there for a few years without problem, while continuing to practice his religion. His family eventually convinced the authorities that Chen's father had been killed in a fishing accident, and they were left alone. Chen's parents paid to have him smuggled to the United States. His journey included stops in Hong Kong, France, Cuba, Haiti, the Dominican Republic, and the Bahamas.

The IJ found that Chen was not credible, and that he had not proven that he filed his asylum application within one year of his entry into the country. Moreover, the IJ found that even if Chen's application were timely and his testimony deemed credible, he had not established that he was likely to be persecuted on the basis of his religion if he returned to China. All relief was therefore denied. On appeal, the BIA rejected the IJ's adverse credibility finding but otherwise upheld the decision below.

Chen now challenges the finding that his asylum application was untimely. We have jurisdiction to review a determination on the timeliness of an asylum application only when a constitutional issue or one of statutory construction is involved. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). Chen compares his case to that of *Gjyzi v. Ashcroft*, 386 F.3d 710, 714 (6th Cir. 2004), where the BIA rejected the IJ's adverse credibility determination but nevertheless disregarded the petitioner's testimony regarding the date of entry, which raised a due process issue. We need not reach this issue, however, because the IJ and BIA alternatively, and properly, rejected Chen's asylum claim on the merits.

We must uphold a decision denying asylum if it is "supported by reasonable, substantial, and probative evidence." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Thus, we may grant a petition for review only if a "reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* In this case, the record does not compel a finding that Chen has a well-founded fear of persecution. In fact, he admitted that the rest of his family, including his mother and the aunt with whom he lived for a few years, continue to live in China and practice their Christian religion without interference from the authorities. Therefore, it is reasonable to assume that Chen could do the same. *See Pascual v. Mukasey*, 514 F.3d 483, 489 (6th Cir. 2007). Because Chen failed to establish eligibility for asylum, he necessarily cannot meet the higher burden of showing eligibility for withholding of removal. *Kaba v. Mukasey*, 546 F.3d 741, 751 (6th Cir. 2008). Similarly, he did not show that it is more likely than not that he would be tortured, in order to be entitled to protection under the Convention Against Torture.

Accordingly, the petition for review is denied.